UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIHAD AZIM ABDUL MUHAMMAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-00385-HAB-ALT |
| CSL PLASMA INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Jihad Azim Abdul Muhammad filed this case against Defendants on June 4, 2025, alleging defamation. (ECF 6). The case was then removed to this Court on July 10, 2025, on the basis of diversity. (ECF 1). Due to Plaintiff's disregard for this Court's Orders (ECF 20, 24), the undersigned Magistrate Judge *sua sponte* recommends that Plaintiff's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and the Court's inherent power to dismiss actions for failure to prosecute *sua sponte*.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Report and Recommendation is based on the following facts and principles of law: *Pro se* Plaintiff Jihad Azim Abdul Muhammad filed this case against Defendants in Allen County Circuit Court on June 4, 2025, alleging defamation. (ECF 6). The case was then removed to this Court on July 10, 2025, on the basis of diversity jurisdiction. (ECF 1).

On September 30, 2025, at the Preliminary Pretrial Conference ("PPTC"), the Court set a telephonic status conference for January 6, 2026, at 9:00 am and ordered *pro se* Plaintiff and Defendants' counsel to appear. (ECF 20). Plaintiff appeared at the PPTC and thus had notice of the January 6, 2026, status conference and his duty to appear. (*See id.*). Additionally, a copy of

the docket entry setting the January 6, 2026, status conference was mailed to Plaintiff at his address of record. (*Id.*).

However, on January 6, 2026, Plaintiff failed to appear. (ECF 23). The Court then issued a Notice and Order, ordering Plaintiff to show cause on or before January 20, 2026, why he failed to comply with the Court's order and timely appear at the status conference. (ECF 24). In that Notice and Order, Plaintiff was forewarned that if he failed to show cause, sanctions may be issued, including dismissal of this lawsuit. (*Id.*). The Court mailed a copy of the Notice and Order to Plaintiff at his address of record. (*Id.*). Plaintiff did not respond.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1)(C) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious

2

that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### III. DISCUSSION

Here, despite this Court's Order (ECF 20) requiring his presence, Plaintiff failed to appear, without explanation, at the telephonic status conference on January 6, 2026. (ECF 23). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, Plaintiff failed to respond to the Notice and Order to show cause. (ECF 24). Plaintiff's failures to comply with this Court's orders is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is

straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Plaintiff in its Notice and Order dated January 6, 2026, that his claims may be dismissed if he failed to respond and show-cause for his failure to appear. (ECF 24). As such, the Court has explicitly warned Plaintiff of the possibility of dismissal of his claims.

## IV. CONCLUSION

For the foregoing reasons, I RECOMMEND that Plaintiff Jihad Azim Abdul Muhammad's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and the Court's inherent power to manage its own affairs as a result of Plaintiff's failure to attend the telephonic status conference and respond to the Court's January 6, 2026, Notice and Order, or to otherwise prosecute his case. The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff at his address of record.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE

DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 5th day of February 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge