UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIHAD AZIM ABDUL MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>CSL PLASMA INC., et al.,<br><br>Defendants. | CASE NO. 1:25-CV-385-HAB-ALT |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge *sua sponte* recommends that the case be dismissed with prejudice as a sanction for failure to prosecute under Fed. R. Civ. P. 16(f)(1) and the Court's inherent power to manage its own affairs. (ECF No. 25). That R&R was filed on February 5, 2026, and the parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). The day after the R&R was filed, *pro se* Plaintiff Jihad Azim Abdul Muhammad filed a Motion to Show Just Cause for Non-Appearance at Telephonic Status Conference (ECF No. 26), and four days later on February 10, 2026, filed a Motion for Appointment of Counsel (ECF No. 27) and a timely objection to the R&R (ECF No. 28). Defendant CSL Plasma Inc. and Cieloworks (collectively "Defendants") have not filed a response to the objection.

For the reasons below, the Court overrules Muhammad's objections, adopts the R&R in full, and denies his pending Motions as moot.

I.  **Background**

Muhammad filed his *pro se* complaint against Defendants in Allen County Circuit Court on June 4, 2025, alleging defamation under Indiana law. (ECF No. 6). Defendants removed the case to this Court on July 10, 2025, on the basis of diversity jurisdiction. (ECF No. 1).

Magistrate Judge Andrew Teel held a Preliminary Pretrial Conference on September 30, 2025, during which he scheduled a telephonic status conference for January 6, 2026, at 9:00 am at which both Plaintiff and Defendants' counsel were to appear. (ECF No. 20). Muhammad appeared at the PPTC and a copy of the docket entry setting the January 6 status conference was mailed to his address, both of which indicate he had notice of the January 6 conference.

But Muhammad did not appear on January 6 (ECF No. 23), nor did he respond to Judge Teel's subsequent Show-Cause Order requiring him to show cause by January 20, 2026, why he failed to comply with the Court's order and appear at the status conference (ECF No. 24). Muhammad was warned in the Show-Cause Order that failure to comply could result in sanctions, including dismissal of the suit. (*Id.*).

Magistrate Judge Teel then issued the instant R&R, finding that Muhammad's failure to appear at the January 6 conference and his failure to respond to the Show-Cause Order warranted dismissal under Federal Rules of Civil Procedure 16(f)(1) and the Court's inherent power to manage its own affairs. Muhammad timely objected on February 10, 2026, arguing that he did not receive mail notice of the telephonic conference because, while his mailing address is correct, "a family member with a mental disability sometimes retrieves and destroys Plaintiff's mail without Plaintiff's knowledge." (ECF No. 28). On February 6, 2026, Muhammad filed a Motion to Show Just Cause for Non-Appearance at Telephonic Status Conference in which he likewise claims he

did not receive notice of the conference, though he does not explain why. (ECF No. 26). He has also filed a Motion for Appointment of Counsel. (ECF No. 27).

## II.    Discussion

When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error in law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3); *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760-61 (7th Cir. 2009). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739.

Muhammad argues the Court should not adopt the Magistrate Judge's recommendation because he did not receive the mailed notice of the January 6 status conference or the Show-Cause Order because of a mentally disabled family member destroying his mail without his knowledge. The Court is unconvinced. Beyond the fact that Muhammad included no evidence to support his story, his objection and motions simply fail to recognize that he received verbal notice of the January 6 status conference at the September 30 PPTC. Further, despite his claim that he was not receiving mail, he somehow responded to the magistrate judge's R&R the day after it was filed—undoubtedly before he could receive a mailed copy of the report—showing he had the capacity to check his docket electronically, as is his responsibility. *See Gilliland v. Fifth Third Mortg. Co.*, No. 1:14-CV-02054-SEB, 2015 WL 5785702, at *4 (S.D. Ind. Sept. 30, 2015) ("Although

3

[Plaintiff] is proceeding *pro se*, it is nonetheless still his responsibility to regularly check the docket.").

Given that Muhammad received notice of the January 6 conference at the September 30 PPTC and he had a responsibility to check the status of his case electronically, his unsubstantiated representation that a family member destroys his mail does not persuade the Court to forgive his nonappearance at the status conference or his failure to respond to the Show-Cause Order.

For the above reasons, the Court adopts the Magistrate Judge's recommended disposition of the case. The Report and Recommendation (ECF No. 25) is ADOPTED IN ITS ENTIRETY and Muhammad's claims are DISMISSED WITH PREJUDICE. Given the dismissal, Muhammad's pending Motion to Show Just Cause for Non-Appearance at Telephonic Status Conference (ECF No. 26) and Motion for Appointment of Counsel (ECF No. 27) are DENIED AS MOOT. The Clerk is DIRECTED to enter final judgment against Muhammad and in favor of Defendants.

**SO ORDERED** this 3rd day of March 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT